UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SOUTH POINT, INC.,

       Plaintiff,

                 **Hon. Hugh B. Scott**

     v.

                 07CV576A

                 **Report**
                 **&**
JAMES M. KRAWCZYK, et al.,      **Recommendation**

       Defendants.

   This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 6). The instant matter before the Court is defendant <u>pro se</u> Krawczyk's motion (Docket No. 3) to dismiss.

## BACKGROUND

   Plaintiff, a Delaware corporation, sued defendant James Krawczyk (hereinafter "defendant") and John Doe defendants in New York State Supreme Court to collect on a mortgage debt (Docket No. 4, Supp. to Notice of Removal ¶ 1; Docket No. 1, Notice of Removal ¶¶ 1, 2, Ex. A). The Complaint alleges that defendant executed and delivered a note secured by a mortgage to property in Cheektowaga, New York, to Family Credit Connection (Docket No. 1, Notice of Removal ¶ 2, Ex. A, Verified Compl.). The Complaint alleges that defendant agreed to pay Family Credit Connection $61,005.00, secured by a mortgage on defendant's property (<u>id.</u> Ex. A, Verified Compl. ¶ 3). The Complaint later alleges that defendant defaulted on a monthly

payment of $544.97 in February 2006 and that the balance due on the note and mortgage was $49,116.59 plus interest from January 28, 2007 (id. Ex. A, Verified Compl. ¶¶ 6, 10; see id. ¶ 6). Plaintiff seeks as damages the principal of $49,116.59, plus interest and late charges that may be due and owing, plus expenses of the sale and costs (including maintenance expenses pending a foreclosure sale) (id. Ex. A., Verified Compl. at WHEREFORE Cl.).

Defendant filed a Notice of Removal (Docket No. 1, Aug. 31, 2007) removing the case to this Court, see 28 U.S.C. § 1446. He alleges the bases of federal subject matter jurisdiction federal question, 28 U.S.C. § 1331, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k ("FDCPA"), violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA"), other reasons, and diversity jurisdiction, 28 U.S.C. § 1332, as well as supplemental jurisdiction over the state law claims (id. ¶¶ 5-6). On the diversity jurisdiction, he alleges that he is a citizen of New York and initially alleges that plaintiff is " a corporation of the United States" (id. ¶ 6), later alleging plaintiff as a Delaware corporation (Docket No. 4, Supp. to Notice of Removal ¶ 1), and that the amount in controversy exceeds $75,000, pointing to claims in the Complaint that $61,005 and $49,116.59 were at issue (Docket No. 1, Notice of Removal ¶ 6). Defendant served the Notice of Removal upon plaintiff through its counsel in her office in Plainview, New York (Docket No. 1, Notice of Removal at 3).

Defendant moved for recognition of his in forma pauperis status (Docket No. 2) and moved to dismiss the Complaint (Docket No. 3). This Court granted the in forma pauperis application (Docket No. 5), noting that the motion to dismiss would be addressed separately (id. at 1 n.1). On November 6, 2007, this case was referred to the undersigned for pretrial proceedings (Docket No. 6). Defendant moves to dismiss for service of process, failure to state a

claim; lack of standing; plaintiff's lack of legal existence; the absence of a legal relationship between these parties; plaintiff is not registered nor authorized to transact business in New York (and hence cannot sue in this state); and plaintiff failed to allege harm, injury, or damages (Docket No. 3, Motion ¶¶ 2-8).

Defendant's pending motion to dismiss initially was scheduled for responsive brief due by December 3, 2007, reply by December 28, 2007, and argument on January 8, 2008 (Docket No. 7, Order of Nov. 20, 2007), but plaintiff and defendant did not file any responsive or reply papers and neither party appeared for the January 8, 2008, argument (Docket No. 8). The Court then rescheduled briefing and argument of this motion (noting that plaintiff's counsel has her office in Batavia, New York, while all Court correspondence was going to Plainview, New York, and possibly that plaintiff's counsel had not received the earlier Order), with responses now due by January 22, 2008, any reply by January 29, 2008, and argument was scheduled for February 15, 2008 (Docket No. 9).

Plaintiff filed a response (Docket No. 10) declaring that it was no longer pursuing the foreclosure action and had no objection to dismissal of this action, without costs to either party (id. Pl. Atty. Affirm. ¶¶ 5-6). In light of that response, the Court canceled oral argument (Docket No. 11).

## **DISCUSSION**

I.  Standards of Review

   A. Dismissal Under Rule 12(b)

Defendant has moved to dismiss the Complaint on the grounds that it states a claim for which relief cannot be granted (Docket No. 3, Motion to Dismiss ¶ 3). Under Rule 12(b)(6) of

3

the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955 (May 21, 2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 1974 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007). To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Bell Atlantic, supra, 127 S.Ct. at 1965; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5. A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

    B.    Remand

Despite plaintiff's apparent abandonment of its claim and offer to have the case dismissed without costs, the Court must examine first whether it has jurisdiction to consider the case (and

its dismissal). Jurisdiction is claimed here under the removal statute, with federal subject matter jurisdiction asserted under federal question and diversity jurisdiction. Thus, the ultimate remedy, whether the case is to be dismissed (with all the estoppel consequences that attach, with or without costs) or remanded (for eventual state court action, if the plaintiff chooses to pursue), is at issue here.

        1.      Remand and Removal Statute

Under 28 U.S.C. § 1441, a defendant alleging original federal jurisdiction may have the pending state action removed upon notice, filing a notice to remove thirty days from service of the pleading or other paper that suggests federal court jurisdiction, 28 U.S.C. § 1446(b). The plaintiff, on any issue (aside from subject matter jurisdiction) within thirty days of the filing of the notice of removal, may then move to have that action remanded to state court, 28 U.S.C. § 1447(c). The burden is upon the party seeking to preserve federal court removal jurisdiction (here, defendant) to show that the requirements for removal were met, see 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3739, at 424 (Jurisdiction 3d ed. 1998). The Court reviews the Complaint, the Notice of Removal, and the state court record, to determine whether removal was proper, id. at 468. Removal statutes are to be construed against removal and in favor of remand, Martropico Compania Naviera S.A. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara (Pertamina), 428 F. Supp. 1035, 1037 (S.D.N.Y. 1977) (citing Shamrock Oil Co. v. Sheets, 313 U.S. 100, 108-09 (1941)).

Removal requires the filing an index of documents filed in state court, copy of all process, pleadings, and orders served upon defendant there, 28 U.S.C. § 1446(a) (procedure for removal), and (under this Court's rules) copies of the documents filed in state court, W.D.N.Y. Local Civ.

R. 81(a)(3). Failure to adhere to this requirement is not a subject matter jurisdiction matter, hence must be raised by plaintiff or the Court, see 14C Federal Practice and Procedure, supra, § 3739, at 454, 459; see Breedlove v. Cabou, 296 F. Supp. 2d 253, 263 (N.D.N.Y. 2003), within 30 days of filing the Notice of Removal.

2.  Federal Subject Matter Jurisdiction

The Court is required to inquire into the basis for subject matter jurisdiction even if not raised by the parties. See 14C Federal Practice and Procedure, supra, § 3739, at 416, 418. The Court must be certain of its subject matter jurisdiction before considering, for example, defendant's motion to dismiss for failure to state a claim, id. at 419, 423. The Court sua sponte or plaintiff may seek to remand a removed action any time prior to entry of judgment where the basis for remand is the lack of federal subject matter jurisdiction, 28 U.S.C. § 1447(c). Grounds for removal "must inhere in the plaintiff's claim, rather than be based on a defense or counterclaim," 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3721, at 319 (Jurisdiction 3d ed. 1998); see id. at 289 (1887 statute, the origin for 28 U.S.C. § 1441 removal provisions, barred removal when defendant relied on federal law as a defense). Removal based solely upon diversity of citizenship can only be raised by a defendant who is not a citizen of the state in which the action is brought, id. at 318; id. § 3723, at 565; 28 U.S.C. § 1441(b); hence, if defendant solely raised diversity as the basis for removal, removal would not be allowed. The presence or absence of federal jurisdiction is governed by the "well-pleaded complaint rule" which provides "that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," Caterpillar, Inc v. Williams, 482 U.S. 386, 392 (1987).

        3.      Remand as Dispositive for Magistrate Judge Jurisdiction

This Court has held that remand is not dispositive under 28 U.S.C. § 636, <u>Williams v. Beemiller, Inc.</u>, No. 05CV836, 2006 U.S. Dist. LEXIS 69024, at *3 (W.D.N.Y. Sept. 26, 2006) (Skretny, J.); <u>Zglincki v. Armstrong Int'l, Inc.</u>, No. 07CV278, Docket No. 32, Order of June 4, 2007, at 5 (W.D.N.Y. 2007) (Scott, Mag. J.); <u>SG v. MC</u>, No. 05CV508S, Docket No. 14, Order of Sept. 25, 2005, at 1 n.1 (W.D.N.Y. 2005) (Scott, Mag. J.); <u>see also</u> <u>Acme Elec. Corp. v. Sigma Instruments, Inc.</u>, 121 F.R.D. 26, 28 (W.D.N.Y. 1988) (Elfvin, J.) (holding that magistrate judge could grant motion to amend even if resulting amended pleading would require remand to state court)[1]. Other courts, however, have disagreed and held that the remand issue is effectively dispositive, <u>see, e.g.</u>, <u>National City Bank v. Aronson</u>, 474 F. Supp. 2d 925, 927 (S.D. Ohio 2007) (district court adopts Report & Recommendation, based upon Sixth Circuit precedent, <u>Vogel v. U.S. Office Prods. Co.</u>, 258 F.3d 509, 517 (6th Cir. 2001), requiring treating remand as dispositive); <u>Innovative Medical Products, Inc. v. Felmet</u>, 472 F. Supp. 2d 678 (M.D.N.C. 2006) (district court adopts Report & Recommendation). The current law in this District is that motions to remand are non-dispositive and can be considered by the Magistrate Judge on an Order.

Here, defendant is seeking dispositive relief in moving to dismiss (Docket No. 3) the Complaint coupled with plaintiff's apparent abandonment of its claim (<u>cf.</u> Docket No. 10).

---

[1] As have other courts, <u>see</u> <u>Wachovia Bank Nat'l Ass'n v. Deutsche Bank Trust Co. Americas</u>, 397 F. Supp. 2d 698, 700-03 (W.D.N.C. 2005) (district judge held magistrate judge could order remand); <u>Chandler v. Cheesecake Factory Restaurants, Inc.</u>, 239 F.R.D. 432, 440 n.6 (M.D.N.C. 2006) (citing <u>Johnson v. Wyeth</u>, 313 F. Sup. 2d 1272 (N.D. Ala. 2004)); <u>McDonough v. Blue Cross of Northeastern Pa.</u>, 131 F.R.D. 467, 468 (W.D. Pa. 1990).

Hence, the preliminary question of removal and remand will be discussed in this Report & Recommendation.

II.   Remand and Subject Matter Jurisdiction

Before considering defendant's grounds for dismissing the Complaint or plaintiff's voluntary abandonment of its claims, the Court must consider whether it has subject matter jurisdiction over this case. On removing this action, defendant gave two grounds for original subject matter jurisdiction, federal question (under two federal statutes) and diversity jurisdiction (Docket No. 1, Notice of Removal ¶¶ 5, 6), as well as supplemental jurisdiction over "any state law claims in the forthcoming Counterclaims under 28 U.S.C. § 1367(a)" (id. ¶ 7).

A.   Federal Question

Defendant first asserts federal court jurisdiction under the FDCPA, 15 U.S.C. § 1692k (id. ¶ 5). But defendant does not allege the violations of the FDCPA. He also alleges generally violations of the FCRA, 15 U.S.C. §§ 1681, et seq. (id.). The Court must look to the Complaint to see if it asserts these federal claims in order to exercise subject matter jurisdiction. The Complaint does not allege violations of either statutes.

Defendant is raising these claims essentially like defenses or potential counterclaims to the underlying claim of the Complaint. These cannot be the basis for removal to federal court, see, e.g., Debevoise v. Rutland Ry. Corp., 291 F.2d 379, 380 (2d Cir.) (defense), cert. denied, 368 U.S. 876 (1961); Aetna Health, Inc. v. Kirshner, 415 F. Supp. 2d 109, 113 (D. Conn. 2006) (counterclaim).

Defendant cites "other reasons" under federal for removal (Docket No. 1, Notice of Removal ¶ 5), but does not specify what those reasons are.  That is not a sufficient statement of federal claims for the Court to exercise jurisdiction over this removed case.

B.      Diversity

Under 28 U.S.C. § 1332(a), the Court has original jurisdiction where the matter in controversy is valued at $75,000 or more (exclusive of interest and costs) and is between citizens of different states, id. § 1332(a)(1).

As the proponent for federal jurisdiction for this removed action, defendant bears the burden of establishing diversity jurisdiction.  See Robinson v. Overseas Military Sales Corp., 28 F.3d 502, 507 (2d Cir. 1994); In re Ski Train Fire in Karprun, Austria on Nov. 11, 2000, 257 F. Supp. 2d 717, 724 n.9 (S.D.N.Y. 2003); Gliatta v. Stein, No. 03CV214, 2004 U.S. Dist. LEXIS 9892, at *7-8 (W.D.N.Y. May 23, 2004) (Skretny, J.) (dismissed amended complaint's claims against corporation where plaintiff, claiming diversity jurisdiction, failed to allege corporate defendant's state of incorporation or principal place of business).  As the proponent for this Court's jurisdiction, defendant "bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete."  Advani Enter., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998) (citations omitted).  That is, defendant needs to show plaintiff's state of citizenship and allege that plaintiff is not a New York corporation and did not have its principal places of business in New York to otherwise defeat diversity, see Denlinger v. Brennan, 87 F.3d 214 (7th Cir. 1996) (allegations of diversity jurisdiction were defective where they did not allege organization's principal place of business or place of incorporation), and assert that the amount in controversy meets the $75,000 threshold.

1.  Diverse Citizenship

Diversity under § 1332 has to be complete, thus all plaintiffs must have a different citizenship from each defendant, Caterpillar, Inc. v. Lewis, 519 U.S. 61, 75-78 (1998); Durove v. Fabian Transp. Inc., CCH Prod. Liab. Rptr. ¶ 17,258, 2004 U.S. Dist. LEXIS 25258, at *4 (S.D.N.Y. Dec. 14, 2004). Diversity jurisdiction for corporations depends upon the state of incorporation and the principal place of business of the corporate party, 28 U.S.C. § 1332(c)(1). Defendant claims that plaintiff is incorporated in Delaware (Docket No. 4, Supp. to Notice of Removal ¶ 1) but does not state its principal place of business. Defendant argues in his motion to dismiss plaintiff's case because it lacks a legal existence or legal cognizance in New York State (see Docket No. 3, ¶¶ 5, 7). Transaction of business, cited by defendant (id. ¶ 7), is a concept derived from New York's long-arm statute, see N.Y. CPLR 302(a)(2), to enable New York State courts (and this Court) to exercise personal jurisdiction over foreign entities because of their activities in New York. "Transacting business" does not answer the federal subject matter jurisdiction question under § 1332 of whether the defendant corporation is diverse from the New York plaintiffs or not for diversity purposes. See also Forrester v. Supermarket General Corp., No. 92 Civ. 1265, 1992 U.S. Dist. LEXIS 15953, at *3 (S.D.N.Y. Oct. 19, 1992) (a principal place of business for purposes of personal jurisdiction under New York Business Corporation Law does not necessarily make that corporation a New York corporation for diversity jurisdiction purposes). Defendant has not shown where plaintiff's principal place of business is or establish that it is not in New York.

      2.      Amount in Controversy

The amount in controversy is determined from the face of the Complaint unless defendant can show that the amount was determined in bad faith. Leslie v. BancTec Serv. Corp., 928 F. Supp. 341, 348 (S.D.N.Y. 1996).

The Notice of Removal generally alleges these elements for diversity jurisdiction (Docket No. 1, Notice of Removal ¶ 6), but the Complaint states amounts in damages (as conceded by defendant, id.) that are below the amount in controversy threshold of $75,000, and plaintiff did not claim to aggregate these amounts. The Complaint alleges that defendant agreed to pay Family Credit Connection $61,005.00, secured by a mortgage on defendant's property (id. Ex. A, Verified Compl. ¶ 3). The Complaint later alleges that defendant defaulted on a monthly payment of $544.97 in February 2006 and later that the balance due on the note and mortgage was $49,116.59 plus interest from January 28, 2007 (id. Ex. A, Verified Compl. ¶¶ 6, 10; see id. ¶ 6). Plaintiff seeks as damages the principal of $49,116.59, plus interest and late charges that may be due and owing, plus expenses of the sale and costs (including maintenance expenses pending a foreclosure sale) (id. Ex. A., Verified Compl. at WHEREFORE Cl.). The deficiency of $49,116.59, without other costs or expenses, does not reach $75,000 for diversity jurisdiction. Defendant, as proponent for federal court jurisdiction, fails to meet his burden of showing that these other charges would equal at least $25,883.14, to reach the amount in controversy threshold, despite asserting that discovery would show the unspecified "deficiency" (id. ¶ 6). Therefore, defendant fails to show that the Court has diversity jurisdiction over this action.

C.  Supplemental Jurisdiction

As it name implies, supplemental jurisdiction over state law claims in federal court applies only if original federal jurisdiction exists on some other basis, 28 U.S.C. § 1367(a). This Court may decline to exercise supplemental jurisdiction over remaining state law claims when it had dismissed all claims over which it has original jurisdiction, id. § 1367(c)(3); Baines v. Masiello, 288 F. Supp. 2d 376, 395 (W.D.N.Y. 2003) (Curtin, J.). "Generally, 'if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.'" Baines, supra, 288 F. Supp. 2d at 395 (quoting Castellano v. Board of Trustees, 937 F.2d 752, 758 (2d Cir.), cert. denied, 502 U.S. 941 (1991), internal quotation omitted). Therefore, supplemental jurisdiction does not provide an additional ground for federal subject matter jurisdiction here.

Furthermore, defendant's unspecified state law claims are what he calls his "forthcoming Counterclaims" (Docket No. 1, Notice of Removal ¶ 7). A defendant's counterclaims cannot serve as grounds for removal of the action, 14B Federal Practice and Procedure, supra, § 3721, at 319. For this reason, supplemental jurisdiction does not provide a basis for this Court's subject matter jurisdiction over this action.

III.  Dismissal or Remand

Given that all parties want this action dismissed in this Court (cf. Docket Nos. 3, 10), the easiest result would be to recommend granting dismissal and disregard issues of this Court's jurisdiction. But, if there is an absence of subject matter jurisdiction, the removed action must be remanded, possibly with payment of "just costs and any actual expenses, including attorney fees," 28 U.S.C. § 1447(c), rather than dismissal. It is recommended that this action be

12

**remanded** to New York State Supreme Court **without costs**.  Defendant proceeded pro se and has not asserted a claim for costs related to this action.

## CONCLUSION

Based upon the above, it is recommended that defendant Krawczyk's motion (Docket No. 3) to dismiss be **denied** but the removed action **remanded to the New York State Supreme Court (without costs)** for the reason of lack of federal subject matter jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate

Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 2, 2008